UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA), INC.,<br><br>　　Plaintiff,<br><br>V.<br><br>SOUTHEASTERN STUD & COMPONENTS, INC.,<br><br>　　Defendant. | CASE NO. CV-2:07-CV-764-MHT |

### ANSWER TO AMENDED COMPLAINT

COMES NOW the Defendant, SOUTHEASTERN STUD & COMPONENTS, INC., by and through legal counsel, and for answer to the Plaintiff's complaint, in each count thereof, separately and severally, say as follows:

### Parties, Jurisdiction, and Venue

1. The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

2. Admitted

3. The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

4. Admitted

### Statement of the Facts

5. The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused.

- 2 -

Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

6.  The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

7.  The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

8.  The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were

still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

9.  The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

10. The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

11. The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

12. The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

13. The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

14. The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the

forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

15. The Defendant denies the contractual obligations referenced in paragraph 15 of the amended complaint and the contractual obligation for the service charge requested.

16. The documents speak for themselves; moreover, the referenced invoices are not signed and therefore, cannot form the basis of a contract between the parties, therefore, the allegations of this paragraph are denied.

17. The documents speak for themselves; moreover, the referenced invoices are not signed and therefore, cannot form the basis of a contract between the parties, therefore, the allegations of this paragraph are denied.

18. The documents speak for themselves; moreover, the referenced invoices are not signed and therefore, cannot form the basis of a contract between the parties, therefore, the allegations of this paragraph are denied.

19. The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

20. Admitted

**Count One (Breach of Contract)**

21. No response is necessary.

22. The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

23. The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

24. The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

25. The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

26. The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

27. The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

28. The Defendant denies the contractual obligations referenced in paragraph 28 of the amended complaint and the contractual obligation for the service charge requested.

29. The Defendant denies the contractual obligations referenced in paragraph 29 of the amended complaint and the contractual obligation for the service charge requested.

MOREOVER, the Defendant pleads the following defenses:

### FIRST DEFENSE

The Plaintiff is not qualified to do business in the State of Alabama.

### SECOND DEFENSE

The Defendant pleads the affirmative defenses of accord and satisfaction, assumption of the risk, contributory negligence, estoppel, laches, payment, release, statute of frauds, statute of limitations, waiver, and the Plaintiff's failure to mitigate damages.

### THIRD DEFENSE

The Defendant admits to advancing one or more purchase orders to the Plaintiff. However, before the product referenced in the purchase orders was picked up, the parties were still negotiating the unit price. Moreover, some product was accepted and other product refused. Upon information and belief, the product that was refused was stored and subsequently sold to one or more third parties. Also, some product was paid by the Defendant. Based upon the forgoing, the Defendant admits one or more purchase orders and the receipt of product from the Plaintiff; however, no contract was ever signed between the parties. Therefore, the Defendant denies the amount of product supplied and the amount due.

### FOURTH DEFENSE

The Defendant reserves the right to amend this answer as discovery progresses,

Respectfully submitted October 1, 2007.

                                      Memory & Day

                    By:    /S/ James L. Day
                             James L. Day
                             ASB-1256-A55J

                             Von G. Memory
                             ASB-8137-071V

                             Attorneys for Defendant

OF COUNSEL:

Memory & Day
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

Case 2:07-cv-00764-MHT-SRW    Document 8    Filed 10/01/2007    Page 9 of 9

- 9 -

☒ placing same in the United States Mail, postage prepaid, and properly addressed

☐ facsimile

☐ hand delivery

☐ delivered in open court

on October 1, 2007.

J. Forrest Hinton, Esq.
Christopher C. Haug, Esq.
Baker, Donelson, Bearman, Cauldwell & Berkowitz, PC
Wachovia Tower
420 North 20th Street, STE 1600
Birmingham, AL 35203

                /S/ James L. Day
                James L. Day