UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA), INC., <br><br> Plaintiff, <br><br> V. <br><br> SOUTHEASTERN STUD & COMPONENTS, INC., <br><br> Defendant. | CASE NO. 2:07-CV-764-MHT |

## MOTION TO COMPEL ARBITRATION

Comes now Southeastern Stud & Components, Inc. and moves the Honorable Court to compel arbitration. This motion is grounded as follows:

1. Plaintiff Salzgitter Mannesmann International (USA), Inc. ("Salzgitter") is in the primary business of selling and distributing steel and steel products in the United States and Internationally.

2. As suggested in the pleadings Southeastern Stud & Components, Inc. ("Southeastern") placed several orders for coils of steel in 2005 and 2006. Some of the orders were delivered much later than promised and another shipment (P. O. 1496) was received 30 days early. The net result was that in a space of less than 90 days Salzgitter delivered to the port of New Orleans approximately $2,500,000.00 of product on an allowed line of credit of approximately $1,000.00.00. Moreover, the referenced shipments came at a time when the building market had virtually collapsed and orders and shipments were significantly reduced to customers or end users by Southeastern.

3. It is believed that Salzgitter attempted to resell or "cover" the steel that Southeastern failed to pick up at the port of New Orleans, however, Salzgitter has failed or refused to give notice or otherwise comply with the uniform commercial code in the resale or cover that was attempted subsequently.

4. All of the invoices advanced by Salzgitter and used to support the claim or claims against Southeastern bare the following provision:

> 23. ABITRATION: Any controversy or claims arising out of said contract, or the breach thereof, shall be determined by arbitration in Houston, Harris County, Texas in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrators(s) my be entered in any Court having jurisdiction thereof.

5. Salzgitter's claims against Southeastern are clearly encompassed by the arbitration agreement referenced above. Consequently, Salzgitter should be required to arbitrate their third-party claims against Southeastern.

WHEREFORE, premises consider, Salzgitter respectfully requests that the Court order Salzgitter to arbitrate their third party claims against Southeastern

Respectfully submitted on this the 22st day of April 2008.

          Memory & Day

          By: /S/ James L. Day
               James L. Day
               ASB-1256-A55J

               Von G. Memory
               ASB-8137-071V

               Attorneys for Defendant

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
Email    vgm@memorylegal.com
         jlday@memorylegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☒ placing same in the United States Mail, postage prepaid, and properly addressed

☐ facsimile

☐ hand delivery

☐ delivered in open court

on April 21, 2008.

J. Forrest Hinton, Esq.
Baker, Donelson, Bearman, Cauldwell
& Berkowitz, PC
Wachovia Tower
420 North 20th Street, STE 1600
Birmingham, AL 35203

Christopher C. Haug, Esq.
Baker, Donelson, Bearman, Cauldwell
& Berkowitz, PC
Wachovia Tower
420 North 20th Street, STE 1600
Birmingham, AL 35203

J. Elliot Walthall, Esq.
Baker, Donelson, Bearman, Cauldwell
& Berkowitz, PC
Wachovia Tower
420 North 20th Street
STE 1600
Birmingham, AL 35203

<u>/S/ James L. Day</u>
James L. Day