IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 2:07cv764-MHT |
| SOUTHEASTERN STUD & COMPONENTS, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

Plaintiff Salzgitter Mannesmann International (USA) Inc. ("Salzgitter") opposes the Motion to Compel Arbitration filed by Defendant Southeastern Stud & Components, Inc. ("Southeastern Stud").

By participating in this litigation for over eight months without ever raising the issue of arbitration, Southeastern Stud has waived any right to assert it, and cannot do so now, less than two months before trial. Southeastern Stud's conduct throughout this entire proceeding has been inconsistent with an intent to invoke arbitration. Salzgitter would be prejudiced by an abrupt about-face at this late stage in the proceedings; Salzgitter has relied on Southeastern Stud's election to litigate in this forum, by conducting discovery, scheduling and preparing for

depositions, filing and fully briefing a dispositive motion, and commencing trial preparation. Under the totality of the circumstances, Southeastern Stud's actions amount to a waiver, precluding its invocation of arbitration.

## I.  **Procedural Background**

1.  Salzgitter filed this action on August 27, 2007. On October 1, 2007, Southeastern Stud filed an Answer to Salzgitter's Amended Complaint ("Answer"). Southeastern Stud's Answer did not assert, invoke, or in any way mention, as an affirmative defense or otherwise, the arbitration provision it now seeks to enforce.

2.  On December 20, 2007, Salzgitter propounded discovery requests on Southeastern Stud, including interrogatories, requests for production of documents, and requests for admission.

3.  On February 1, 2008, Southeastern Stud served Salzgitter with responses to its discovery requests. True and correct copies of Southeastern Stud's discovery responses are attached hereto as **Exhibit A**. Southeastern Stud produced several hundred pages of documents that Salzgitter reviewed. Although Southeastern Stud did not propound formal discovery requests, Salzgitter, in the interest of advancing this litigation and in complying with its obligations under FED. R. CIV. P. 26, on February 1, 2008 supplied Southeastern Stud's counsel with some 448 pages of documents relevant to this lawsuit.

4.     Salzgitter also noticed depositions of three Southeastern Stud representatives.  A true and correct copy of the deposition notices served on Southeastern Stud is attached hereto as **Exhibit B.**

5.     The parties scheduled the noticed depositions for Wednesday, March 5, 2008.  On Tuesday, March 4, 2008, the evening before the depositions were to take place, the parties agreed to continue them in order to facilitate settlement negotiations.  Prior to the continuance, Salzgitter spent considerable time preparing for the depositions.

6.     On April 4, 2008, Salzgitter filed a Motion for Summary Judgment and supporting brief and evidentiary materials.

7.     On April 25, 2008, Southeastern Stud filed a response to Salzgitter's dispositive motion, and on May 1, 2008 Salzgitter filed a reply brief.  Meanwhile, the parties have held their mandatory pre-trial face-to-face settlement conference and have notified the Court of same.

8.     The discovery and dispositive motion deadlines have now passed.  In fact, trial in this case is set for June 23, 2008.  Nevertheless, on April 23, 2008, Southeastern Stud filed a Motion to Compel Arbitration, taking that position for the very first time.  Although Salzgitter acknowledges the arbitration provision (the "Arbitration Provision") can be found in the controlling documents in this lawsuit,

Salzgitter had long ago relied on the assumption that Southeastern Stud had elected not to invoke it.

## II.    Southeastern Stud Waived Its Right to Assert the Arbitration Provision.

By failing to raise arbitration in its responsive pleading, or any pleading, and by participating in this litigation for eight months, Southeastern Stud has waived the right to invoke arbitration. Salzgitter has relied on Southeastern Stud's election not to invoke the Arbitration Provision, and would be prejudiced if the Court permitted an abrupt change of tack at this point, so close to trial.

As this Court has recognized, "'[a]n agreement to arbitrate, just like any other contract . . . may be waived.'" *Citifinancial Mortgage Co. v. Smith*, 2007 WL 2409520 at *18 (M.D. Ala. Sept. 13, 2007) (*quoting Ivax Corp. V. B. Braun of America, Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002)). In the Eleventh Circuit, "[a] party has waived its right to arbitrate if, under the totality of the circumstances, the . . . party has acted inconsistently with the arbitration right, and, in so acting, has in some way prejudiced the other party." *See S & H Contractors v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (*quoting National Fund for Cancer Research v. A.G. Edwards & Sons*, 821 F.2d 772, 774) (D.C. Cir. 1987)) (citations omitted). The Court's two part test is met here.

### A.    Southeastern Stud Acted Inconsistently With the Intent to Arbitrate.

Southeastern Stud's prior conduct in this litigation is at odds with the position it now takes, and Salzgitter was justified in concluding that Southeastern Stud had no intent to invoke arbitration.  This Court held that "[a] party may waive its arbitration right by substantially invoking the litigation machinery prior to demanding arbitration." *Goff Group, Inc. v. Greenwich Ins. Co.*, 231 F. Supp. 2d 1147, 1154 (M.D. Ala. 2002).  Southeastern Stud, instead of demanding arbitration in its Answer, or any stage thereafter, knowingly elected to invoke the litigation machinery.

Most tellingly, Southeastern Stud has never raised the defense of arbitration or reserved the right to do so; the affirmative defense of arbitration is conspicuously absent from Southeastern Stud's Answer.  In considering waiver of arbitration provisions, this Court and the Eleventh Circuit have placed significant weight on a party's announcement, in one form or another, of its intent to arbitrate. *See Lawrence v. Household Bank*, 343 F. Supp 2d 1101, 1113-14 (M.D. Ala. 2004) ("[Defendants have not acted inconsistently with respect to arbitration.  They moved to compel arbitration shortly after removing this case to federal court and before any litigation activity occurred . . . ."); *S & H Contractors*, 906 F.2d at 1514 (holding that delay in demanding arbitration is to be considered, and noting that the

party demanding arbitration had in that case delayed for eight months). Southeastern Stud never announced its intent to arbitrate.

Instead, Southeastern Stud actively participated in this litigation for eight months and only moved to compel arbitration now, two months before trial. Courts have found waiver where litigation has proceeded for eight months prior to an arbitration demand. *See S & H Contractors*, 906 F.2d at 1514. Southeastern Stud responded to Salzgitter's discovery requests, scheduled depositions (although postponed), and responded to Salzgitter's dispositive motion. The Eleventh Circuit has deemed these same activities to constitute waiver. *See Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (finding waiver where party responded to discovery and scheduled depositions; noting that, although discovery was closed and pre-trial conference and trial were set, arbitration had not been asserted until a few months before the trial date).

Southeastern Stud's conduct patently communicated an intent to pursue resolution of the parties' conflict in this forum. Prior to utilizing the machinery of litigation, Southeastern Stud could have invoked the Arbitration Provision, but elected not to. This conduct is inconsistent with an intent to assert an arbitration right.

**B.    Salzgitter Will Be Prejudiced If Southeastern Stud Is Permitted to Arbitrate.**

Salzgitter materially relied on Southeastern Stud's intent to litigate, and would be prejudiced by a change of forum at this late stage.  In examining whether prejudice has resulted from a party's inconsistent conduct, courts in the Eleventh Circuit have considered whether the opposing party has taken merits discovery, taken depositions, or filed any dispositive motions.  *See Global Retail Enterprises, Inc. v. Personalized Prods.*, No. 06-463, 2008 WL 879313 at *12 (M.D. Fla. Feb. 27, 2008) (Frazier, M.J.), a courtesy copy of which is attached hereto as **Exhibit C**.

Salzgitter has taken merits discovery, scheduled and prepared for depositions, filed and fully briefed a summary judgment motion, and begun trial preparation.  Trial is less than two months away, and Salzgitter's dispositive motion is currently pending before the Court.  Were Southeastern Stud permitted to abruptly change position, Salzgitter's efforts in this forum would be rendered essentially worthless.  With this matter on the brink of trial, it would be inequitable for the parties to simply shift gears and undertake arbitration.

## CONCLUSION

Southeastern Stud acted inconsistently with the intent to arbitrate by substantially invoking the litigation machinery, and Salzgitter would be prejudiced if this action were now directed to arbitration.  Southeastern Stud has therefore waived its right to assert arbitration.

WHEREFORE, Plaintiff Salzgitter Mannesmann International (USA) Inc. respectfully requests that the Motion to Compel Arbitration filed by Defendant Southeastern Stud & Components, Inc. be denied in all respects.


　　　　　　　　　　　　　　/s/ J. Forrest Hinton
　　　　　　　　　　　　　　J. FORREST HINTON
　　　　　　　　　　　　　　STACEY A. DAVIS
　　　　　　　　　　　　　　J. ELLIOTT WALTHALL

　　　　　　　　　　　　　　Attorneys for Plaintiff Salzgitter
　　　　　　　　　　　　　　Mannesmann International (USA) Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
　　CALDWELL & BERKOWITZ, PC
Wachovia Tower
420 20th Street North, Suite 1600
Birmingham, Alabama  35203
Telephone (205) 328-0480
Facsimile  (205) 322-8007

## CERTIFICATE OF SERVICE

I hereby certify that on this May 2, 2008, the foregoing was served by electronic mail via the Court's CM/ECF system on the following:

　　　　James L. Day
　　　　Von G. Memory
　　　　469 South McDonough Street
　　　　Montgomery, Alabama  36103-4054
　　　　Telephone (334) 834-8000
　　　　Facsimile  (334) 834-8001
　　　　　　　　　　　　　　/s/ J. Forrest Hinton
　　　　　　　　　　　　　　Of Counsel

# EXHIBIT A-1

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

SALZGITTER MANNESMANN
INTERNATIONAL (USA), INC.,

       Plaintiff,

V.

SOUTHEASTERN STUD &
COMPONENTS, INC.,

       Defendant.

CASE NO. CV-2:07-CV-764-MHT

DEFENDANT'S RESPONSE TO
PLAINTIFF'S INTERROGATORIES TO DEFENDANT

COMES NOW, Defendant Southeastern Stud & Components, Inc., in the above styled

cause, and responds to the Plaintiff's Interrogatories to Defendant, bearing a service date of

December 20, 2007, as follows:

GENERAL OBJECTIONS

Defendant objects to each of the Plaintiff's discovery requests to the extent that they are

overly broad, vague, unduly burdensome, seek information not designed nor reasonably

calculated to the discovery of relevant evidence; and, purport to request information protected by

the attorney/client privilege or the work-product doctrine or seeks information taken and/or

prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise

are impermissible subjects of discovery under the rules of civil procedure.

Defendant further objects to each discovery request to the extent each seeks documents or

things that constitute confidential, proprietary information or to which Defendant has a duty or

obligation of confidentiality with respect to persons or entities not parties to this litigation. This

objection is made specifically, but without limitation, with respect to any request that entails

disclosure of the identities or other confidential information of persons not parties to this

litigation, whose privacy rights would be violated by such disclosure.

1.  Identify every Person that has or may have knowledge or information relevant to the

subject matter of this Lawsuit or any facts, allegations, defenses, or affirmative defenses asserted

in the pleadings in this Lawsuit.

RESPONSE: Each of these person were listed in the initial disclosures submitted to the court

November 9, 2007.

2.  For each Person identified in your response to Interrogatory 1, separately Identify

with particularity the substance of the knowledge each possesses or may possess.

RESPONSE: **Kennon Whaley** is the President and CEO of Southeastern Stud & Components,

Inc. Mr. Whaley has only indirect information regarding the purchase and receipt of product

from the Plaintiff by the Defendant. However, Mr. Whaley did have some conversations with

representatives of the Plaintiff. **Mike Hawthorn** was the IT and inventory manager (no longer

employed). **Deena L. Kelly,** inventory control clerk, and moved to sales (no longer employed).

**Nancy K. Thornton,** Controller. **Scott Dowdell,** Vice President of Purchasing, and is the person

most knowledgeable and regarding the Southeastern Stud & Components, Inc. Saltzgitter

account. **Arthur L. Whitman,** Southeastern CFO and negotiated forbearance agreement. **Joseph**

**Silva,** supervises or is involved with accounting for Saltzgitter. **Rolf Mainz** sales manager and

person with information and negotiations with Scott Dowdell. **Claus Gunelach**, President. **Mike Saltarelli**, sales person.

3.  State whether Defendant has obtained, is, or has been in possession of the oral, written, or video-taped statement of any Person relating to the subject matter of this Lawsuit, and as to each such statement Identify the Person having given the statement and the Person to whom the statement was given, and any and all recordings, transcripts, or writings of any kind pertaining to each statement.

RESPONSE: The Defendant has in its possession some correspondence and email messages. These items are being produced incident to the request for production.

4.  Identify any and all Persons who provided responses to these Interrogatories, or who assisted you or provided information to you in responding to these Interrogatories.

RESPONSE: Nancy Thornton and Scott Dowdell

5.  Identify by date, name of contract, and parties, all contracts between Defendant and Plaintiff, whether oral or written, since the inception of their business relationship in or around 2004, and briefly state what each party contracted to do.

RESPONSE: See response or answer to interrogatory number one.

- 3 -

6.    With respect to each transaction referenced by the Plaintiff in the Complaint in this Lawsuit, and addressed individually by you in your Answer, describe in detail the basis for the price you paid for the products supplied by Plaintiff and the date on which you paid it, and Identify any Documents referencing such payment and all Persons having personal knowledge thereof.

RESPONSE: Price was determined by unit measure and the amount fixed for each unit, and this was usually negotiated with Scott Dowdell for the Defendant and Rolf Mainz for the Plaintiff. On at least two separate occasions, for purchase orders 1414 and 1496, the unit price was orally reduced. Regardless, the amount owed the Plaintiff was established by the gauge of metal, weight of the metal, and price per unit of measure.

7.    Identify all steel or steel products that Defendant ordered from Plaintiff, and, for all such products, Identify the applicable contract, invoice, and/or purchase order; state what Defendant claims was the price for such products; state the date or dates that the product was ordered; and state whether the products were delivered to or received by Defendant.

RESPONSE: The product in question is referenced by the documents attached to the request for admissions, specifically **Exhibits "H" and "I"**.

8.    Identify all steel or steel products that Defendant received from Plaintiff, or that were delivered by Plaintiff to Defendant, or that Defendant acquired or took into its possession from

- 4 -

Plaintiff, and, for all such products, Identify the applicable contract, invoice, and/or purchase

order; state the date or dates that the product was ordered; and state whether the products were

delivered to, received by, or came into the possession of Defendant.

RESPONSE: The items or product received by the Defendant are identified in documents being

produced incident to the request for production.

9.  For all products identified in response to the preceding interrogatory, state what

became of the products, including whether Defendant returned the products, refused the

products, used the products, and/or resold the products to a third-party, and including in your

answer the date that the products were returned, refused, used, and or resold.

RESPONSE: The accepted product and the product that was not picked up, and subsequently

sold by the Plaintiff, is identified in documents being produced incident to the request for

production.

10. Identify by date, amount, and type of consideration, all payments or consideration of

any kind that Defendant has ever made or delivered to Plaintiff as part of or related to the

transactions forming the basis for this Lawsuit and, for each such payment or consideration, state

to whom and why Defendant made such payment or gave such consideration, referencing, if

applicable, any relevant contract, invoice, and/or purchase order.

RESPONSE: All of the payments are referenced in the documents being produced incident to the

- 5 -

request for production.

11. With regard to each assertion in your Answer that "the parties were still negotiating the unit price," describe and Identify, in detail specific to the purchase order or shipment involved, all facts or Documents that relate to, support, or underlie that assertion, and all Persons having personal knowledge of such facts or Documents.

RESPONSE: Unit pricing was done between Scott Dowdell and Rolf Mainz, and all adjustments or modifications were negotiated and agreed to by the same. Also see response to interrogatory 6.

12. With regard to each assertion in your Answer that "some product was accepted and other product refused," describe and Identify, in detail specific to the purchase order or shipment involved, all facts or Documents that relate to, support, or underlie that assertion of acceptance or refusal, and all Persons having personal knowledge of such facts or Documents.

RESPONSE: The information regarding product accepted and refused is referenced in the documents being produced incident to the request for production. The persons most knowledgeable regarding these documents are Scott Dowdell and Nancy Thornton.

13. With regard to each assertion in your Answer that "some product was accepted and other product refused," describe, in detail specific to the shipment involved, the type and amount of product you claim was refused or rejected, and the basis for that refusal and/or rejection.

- 6 -

RESPONSE: See answer or response to interrogatory number 12.


14. With regard each assertion in your Answer that "the product that was refused was stored and subsequently sold to one or more third parties," describe and Identify, in detail specific to the shipment involved, all facts or Documents that relate to, support, or underlie that assertion, and all Persons having personal knowledge of such facts and documents.

RESPONSE: See answer or response to interrogatory number 12.


15. Identify every Person who, as a corporate officer or Director of Defendant, or as an employee or agent authorized to make purchases on behalf of Defendant, has communicated with Plaintiff since the inception of the business relationship between Plaintiff and Defendant in or around 2004.

RESPONSE: Scott Dowdell and Arthur L. Whitman.


16. Identify all purchase orders for prime hot-dipped galvanized flat rolled steel, or similar steel products, which were or may have been issued by Defendant to suppliers other than Plaintiff within the same time period as the transactions forming the basis for this Lawsuit

RESPONSE: Defendant objects to this request as not designed nor reasonably calculated to lead to the discovery of relevant evidence.

17. Identify and explain in detail every instance occurring since 2002 in which Defendant issued a purchase order for steel or steel products to a supplier other than Defendant and in which Defendant did not eventually accept the full amount of product referenced in the purchase order or did not pay the full amount referenced on the purchase order.

RESPONSE: Defendant objects to this request as not designed nor reasonably calculated to lead to the discovery of relevant evidence.

18. Identify by name, title or position, employer, and business address each person you have retained, whom you expect to call, or whom you may call as an expert witness at the trial of this case and for each such witness, list separately all information identified by Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure.

RESPONSE: No experts have been engaged or retained. However, according to the scheduling order, the Defendant reserves the right to name expert witnesses pursuant to the scheduling order.

19. Identify all facts, documents, and witnesses that you contend support your asserted affirmative defense of assumption of the risk.

RESPONSE: To the extent documents are available incident to this interrogatory, these items are being produced incident to the request for production. Also, all witnesses are identified in the

response to interrogatory 2.

20. Identify all facts, documents, and witnesses that you contend support your asserted affirmative defense of contributory negligence. Also, all witnesses are identified in the response to interrogatory 2.

RESPONSE: To the extent documents are available in response to this interrogatory, these documents are being produced incident to the request for production. Also, all witnesses are identified in the response to interrogatory 2. In addition to the forgoing, to the extent that the Plaintiff allowed the steel product to remain on the docks after shipment, any loss or diminution would be the responsibility of the Plaintiff.

21. Identify all facts, documents, and witnesses that you contend support your asserted affirmative defense statute of frauds.

RESPONSE: To the extent documents are available incident to this interrogatory, these items are being produced incident to the request for production. Also, all witnesses are identified in the response to interrogatory 2. Also see response to interrogatory 20.

22. Identify all facts, documents, and witnesses that you contend support your asserted affirmative defense of failure to mitigate damages.

RESPONSE: To the extent documents are available incident to this interrogatory, these

items are being produced incident to the request for production. Also, all witnesses are identified

in the response to interrogatory 2. Also see response to interrogatory 20.

Respectfully submitted on this the 1st day of February 2008.

Southeastern Stud &
Components, Inc.

By: *Nancy K. Thornton*
Nancy K. Thornton

Its:   Controller

**STATE OF ALABAMA**

**COUNTY OF MONTGOMERY**

I, the undersigned, a Notary Public in and for County in said State, hereby certify that
Nancy K. Thornton whose name as Controller of **Southeastern Stud & Components, Inc.,** a
corporation, is signed to the foregoing document and who is known to me, acknowledged before
me on this day that, being informed of the contents of this document, she, as such officer and
with full authority, executed the same voluntarily for and as the act of said corporation.

GIVEN under my hand this 1st day of February, 2008.

_____
Notary Public

(SEAL)

My commission expires:  16-11-10

THIS INSTRUMENT WAS PREPARED BY:

Memory & Day
P.O. Box 4054
Montgomery, AL 36013
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

- 10 -

# EXHIBIT  A-2

# EXHIBIT  A-2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **SALZGITTER MANNESMANN**<br>**INTERNATIONAL (USA), INC.,**<br><br>   **Plaintiff,**<br><br>**V.**<br><br>**SOUTHEASTERN STUD &**<br>**COMPONENTS, INC.,**<br><br>   **Defendant.** | **CASE NO. CV-2:07-CV-764-MHT** |

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT

COMES NOW, Defendant Southeastern Stud & Components, Inc., in the above styled

cause, and responds to the Plaintiff's Request for Admissions to Defendant, bearing a service

date of December 20, 2007 as follows:

### GENERAL OBJECTIONS

Defendant objects to each of the Plaintiff's discovery requests to the extent that they are

overly broad, vague, unduly burdensome, seek information not designed nor reasonably

calculated to the discovery of relevant evidence; and, purport to request information protected by

the attorney/client privilege or the work-product doctrine or seeks information taken and/or

prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise

are impermissible subjects of discovery under the rules of civil procedure.

Defendant further objects to each discovery request to the extent each seeks documents or

things that constitute confidential, proprietary information or to which Defendant has a duty or

obligation of confidentiality with respect to persons or entities not parties to this litigation. This

objection is made specifically, but without limitation, with respect to any request that entails

disclosure of the identities or other confidential information of persons not parties to this litigation, whose privacy rights would be violated by such disclosure.

1.  On or about April 16, 2006, Southeastern Stud issued to Plaintiff a purchase order designated P.O. #1357.

RESPONSE: The Defendant is unable to verify the date, however, a purchase order was issued with the number 1357, therefore, this item is admitted as to the purchase order number only.

2.  On or about September 20, 2006, Plaintiff made available to Southeastern Stud certain steel products referenced in your P.O. #1357.

RESPONSE: The Defendant is without sufficient knowledge or information to either admit or deny the factual basis of this request and it is therefore denied.

3.  On or about May 11, 2006, Southeastern Stud issued to Plaintiff a purchase order designated P.O. #1414.

RESPONSE: Admitted

4.  On or about September 17, 2006, the vessel Myron N arrived in New Orleans, LA, carrying certain steel products referenced in your P.O. #1414.

- 2 -

RESPONSE: The Defendant is unable to verify the date nor the vessel referenced, however, at least a portion of the steel products under the instant purchase order was either picked up or delivered to the Defendant, therefore, this request for admission is admitted in part and denied in part.

5.  On or about July 13, 2006, Southeastern Stud issued to Plaintiff a purchase order designated P.O. #1496.

RESPONSE: Admitted

6.  On or about October 7, 2006, the vessel Top Rich arrived in New Orleans carrying certain steel products referenced in your P.O. #1496.

RESPONSE: The Defendant is unable to verify the date nor the vessel referenced, however, at least a portion of the steel products under the instant purchase order was either picked up or delivered to the Defendant, therefore, this request for admission is admitted in part and denied in part.

7.  On or about January 1, 2006, Southeastern Stud issued to Plaintiff a purchase order designated P.O. #012306-1 or P.O. #sd-012306-1.

RESPONSE: The Defendant is unable to verify the date, however, a purchase order was issued with a number of 012306-1 and 1033 and this may be the same purchase order referenced in this

- 3 -

request for admission, however, without further information, the Defendant is without sufficient knowledge or information to either admit or deny the factual basis of this request and it is therefore denied.

8. On or about October 25, 2006, Plaintiff made available to defendant certain steel products referenced in your P.O. #sd-012306-1.

RESPONSE: The Defendant is unable to verify the date, however, at least a portion of the steel products under the instant purchase order (012306-1 and 1033) was either picked up or delivered to the Defendant, therefore, this request for admission is admitted in part and denied in part.

9. On or about December 21, 2006, Southeastern Stud or your representative requested Plaintiff make available to you certain steel products referenced in your P.O. #1414.

RESPONSE: The Defendant is without sufficient knowledge or information sufficient to either admit or deny the factual basis of this request and it is therefore denied.

10. On or about February 2, 2007, Plaintiff made available to Southeastern Stud certain steel products referenced in your P.O. #1414.

RESPONSE: The Defendant is without sufficient knowledge or information sufficient to either admit or deny the factual basis of this request and it is therefore denied.

- 4 -

11. On or about April 25, 2007, Southeastern Stud or your representative requested Plaintiff make available to you certain steel products referenced in your P.O. #sd-012306 and P.O. #1496.

RESPONSE: The Defendant is without sufficient knowledge or information sufficient to either admit or deny the factual basis of this request and it is therefore denied.

12. Southeastern Stud has, to date, paid only $46,387.91 towards Invoice No. 24446, attached hereto as Exhibit A.

RESPONSE: The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of this request and it is therefore denied.

13. Southeastern Stud has, to date, paid only $20,000.00 towards Invoice No. 24605, attached hereto as Exhibit B.

RESPONSE: Admitted

14. Southeastern Stud has, to date, not paid any amounts towards Invoice No. 24646, attached hereto as Exhibit C.

RESPONSE: Admitted

15. Southeastern Stud has, to date, not paid any amounts towards Invoice No. 24648,

attached hereto as Exhibit D.

RESPONSE: Admitted

16. Southeastern Stud has, to date, not paid any amounts towards Invoice No. 24677, attached hereto as Exhibit E.

RESPONSE: Admitted

17. Southeastern Stud has, to date, not paid any amounts towards Invoice No. 24840, attached hereto as Exhibit F.

RESPONSE: Admitted

18. Southeastern Stud has, to date, not paid any amounts towards Invoice No. 25501, attached hereto as Exhibit G.

RESPONSE: The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of this request and it is therefore denied.

DOCUMENTS: Pursuant to Rule 36, Plaintiff requests that Defendant admit or deny the truth, authenticity, and correctness of the following documents as detailed below and, if denied, state

the basis for denial:

1. The four purchase orders designated P.O. #1357, P.O. #1414; P.O. #1496, and P.O. #sd-012306-1, attached hereto as Exhibit H.

RESPONSE: Admitted

2. The four order confirmations, attached hereto as Exhibit I, and referencing those purchase orders designated P.O. #1357, P.O. #1414; P.O. #1496, and P.O. #sd-012306-1.

RESPONSE: Admitted

Respectfully submitted on this the 1st day of February 2008.

Southeastern Stud &
Components, Inc.

By: _Nancy K Thornton_
Nancy K. Thornton

Its:  Controller

**STATE OF ALABAMA**

**COUNTY OF MONTGOMERY**

I, the undersigned, a Notary Public in and for County in said State, hereby certify that Nancy K. Thornton whose name as Controller of **Southeastern Stud & Components, Inc.,** a corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

GIVEN under my hand this 1st day of February 2008.

- 7 -

_____
Notary Public

(SEAL)

My commission expires:

THIS INSTRUMENT WAS PREPARED BY:

Memory & Day
P.O. Box 4054
Montgomery, AL 36013
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

- 8 -

# EXHIBIT A-3

# EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF ALABAMA

**SALZGITTER MANNESMANN**
**INTERNATIONAL (USA), INC.,**

      **Plaintiff,**

**V.**

**SOUTHEASTERN STUD &**
**COMPONENTS, INC.,**

      **Defendant.**

**CASE NO. CV-2:07-CV-764-MHT**

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S REQUESTS FOR PRODUCTION

COMES NOW, Defendant, Southeastern Stud & Components, Inc., in the above styled

cause, and responds to the Plaintiff's Request for Production of Documents bearing a service

date of December 20, 2007 as follows:

### GENERAL OBJECTIONS

Defendant objects to each of the Plaintiff's discovery requests to the extent that they are

overly broad, vague, unduly burdensome, seek information not designed nor reasonably

calculated to the discovery of relevant evidence; and, purport to request information protected by

the attorney/client privilege or the work-product doctrine or seeks information taken and/or

prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise

are impermissible subjects of discovery under the rules of civil procedure.

Defendant further objects to each discovery request to the extent each seeks documents or

things that constitute confidential, proprietary information or to which Defendant has a duty or

obligation of confidentiality with respect to persons or entities not parties to this litigation. This

objection is made specifically, but without limitation, with respect to any request that entails

disclosure of the identities or other confidential information of persons not parties to this

litigation, whose privacy rights would be violated by such disclosure.

REQUESTS FOR PRODUCTION

1.  All Documents that support the allegations, claims, or affirmative defenses articulated

in your Answer, or on which you intend rely, or on which you may rely, as supporting the same.

RESPONSE: The documents produced by the Defendant include documents that are segregated

according to purchase order. The documents for purchase order 1357 are under **Exhibit "A"**; the

documents for purchase order 1414 are under **Exhibit "B";** the documents for purchase order

1496 are under **Exhibit "C"; and, t**he documents for purchase order sd-012306-1 are under

**Exhibit "D"**. Also, electronic correspondence is attached under **Exhibit "E"**. Employees of the

Defendant are currently researching for historical documents that may relate to the allegations

and defenses. The Defendant will supplement these responses when these documents are located.

2.  All Documents evidencing business dealings between Plaintiff and Defendant.

RESPONSE: See response to request number one.

3.  All Documents relating to the purchase orders referenced in your Answer.

RESPONSE: See response to request number one.

4.  All Documents relating to, evidencing, or constituting an oral, written, or video-taped

- 2 -

statement of any Person relating to the subject mater of this Lawsuit.

RESPONSE: See response to request number one.

5.  All Documents related to or reflecting any steel or steel products that Defendant received from Plaintiff, or that were delivered by Plaintiff to Defendant, or that Defendant acquired or took into its possession from Plaintiff, including all correspondence, contracts, purchase orders, invoices, and any documents evidencing payment to Plaintiff, since the inception of the business relationship between Plaintiff and Defendant in or around 2004.

RESPONSE: Defendant objects to this request as not designed nor reasonably calculated to lead to the discovery of relevant evidence.

6.  All Documents relating to any payments or consideration of any kind that Defendant has ever made or delivered to Plaintiff since the inception of the business relationship between Plaintiff and Defendant in or around 2004.

RESPONSE: Defendant objects to this request as not designed nor reasonably calculated to lead to the discovery of relevant evidence.

7.  All Documents, including communications between Defendant and Plaintiff and between or among your employees or agents, pertaining to the price, quality, or characteristics of steel or steel products ordered by you to be supplied by Plaintiff, including those documents

- 3 -

related to your assertion in your Answer that "the parties were still negotiating the unit price."

RESPONSE: See response to request number one.


8.  All Documents, including communications between Defendant and Plaintiff and between or among your employees or agents, pertaining to your acceptance or non-acceptance of steel or steel products ordered by you to be supplied by Plaintiff as part of or related to the transactions forming the basis for this Lawsuit.

RESPONSE: See response to request number one.


9.  All Documents identifying, constituting, or evidencing the financial status of Defendant from 2004 to the present, including, without limitation, all tax returns, financial statements, balance sheets, income statements, statements of cash flow, and runs of the general ledger.

RESPONSE: Defendant objects to this request as not designed nor reasonably calculated to lead to the discovery of relevant evidence.


10. All Documents related to your assertion in your Answer that "some product was accepted and other product refused."

RESPONSE: See response to request number one.


- 4 -

11. All Documents related to your assertion in your Answer that "the product that was refused was stored and subsequently sold to one or more third parties."

RESPONSE: See response to request number one.

12. All Documents related to any purchase orders for prime hot-dipped galvanized flat rolled steel, or similar steel products, which were or may have been issued by Defendant to suppliers other than Plaintiff within the same time period as the transactions that form the basis of this Lawsuit.

RESPONSE: Defendant objects to this request as not designed nor reasonably calculated to lead to the discovery of relevant evidence.

13. All Documents reflecting or related to each instance occurring from 2002 to the present in which Defendant advanced a purchase order for steel or steel products to a supplier other than Plaintiff, and did. not eventually accept the full amount of product referenced in the purchase. order or did not pay the full amount referenced on the purchase order.

RESPONSE: Defendant objects to this request as not designed nor reasonably calculated to lead to the discovery of relevant evidence.

14. All Documents received from, sent to, or related to each person you have retained,

- 5 -

whom you expect to call, or whom you may call as an expert witness at the trial of this case.

RESPONSE: None

15. All Documents that you contend support your asserted affirmative defense of assumption of the risk.

RESPONSE: See response to request number one.

16. All Documents that you contend support your asserted affirmative defense of contributory negligence.

RESPONSE: See response to request number one.

17. All Documents that you contend support your asserted affirmative defense statute of frauds.

RESPONSE: See response to request number one.

18. All Documents that you contend support your asserted affirmative defense of failure to mitigate damages.

RESPONSE: See response to request number one.

19. All Documents identified in your Initial Disclosures in this matter.

RESPONSE: See response to request number one.

20. All Documents that you were requested to identify in the Interrogatories issued contemporaneously with this Request for Production.

RESPONSE: See response to request number one.

Respectfully submitted on this the 1st day of February 2008.

Memory & Day

By: _____
Von G. Memory
ASB-8137-071V

James L. Day
ASB-1256-A55J

Attorneys for Defendant

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
Email  vgmemory@memorylegal.com
          jlday@memorylegal.com

## CERTIFICATE OF SERVICE

- 7 -

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☐ facsimile

☐ hand delivery

☐ delivered in open court

on February 1, 2008.

J. Forrest Hinton, Esq.
Christopher C. Haug, Esq.
J. Elliot Walthall, Esq.
Baker, Donelson, Bearman, Cauldwell & Berkowitz, PC
Wachovia Tower
420 North 20th Street, STE 1600
Birmingham, AL 35203

OF COUNSEL

- 8 -

# EXHIBIT  B

# EXHIBIT  B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 2:07cv764-MHT |
| SOUTHEASTERN STUD & COMPONENTS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF CORPORATE
REPRESENTATIVE(S) OF DEFENDANT**

TO:  James L. Day
     Von G. Memory
     Memory & Day
     Post Office Box 4054
     Montgomery, Alabama 36103-4054
     Telephone (334) 834-8000
     Facsimile (334) 834-8001

Attorneys for Defendant Southeastern Stud & Components, Inc.

Pursuant to Rule 30(b)(6), Fed. R. Civ. P., take notice that Plaintiff

Salzgitter Mannesmann International (USA) Inc. ("Plaintiff") will take the

deposition of Defendant **Southeastern Stud & Components, Inc.** ("Defendant")

1

at the offices of Memory & Day, 469 South McDonough Street, Montgomery, Alabama, 36103, on **March 5, 2008 at 9:00 a.m**.

Defendant is requested to produce for examination the officer(s), director(s), or managing agent(s) most knowledgeable as to the following areas of inquiry:

a.    Defendant's contracts, negotiations, purchase orders, invoices, payments, and other dealings with Plaintiff since the inception of their business relationship in or around 2004;

b.    Defendant's receipt of, acquisition of, acceptance of, refusal of, rejection of, or other disposition of any steel or steel products from Plaintiff; and

c.    Defendant's financial status and condition for the years 2004 to the present.

d.    The subject of Plaintiff's Amended Complaint.

e.    Defendant's defenses and affirmative defenses to the claims articulated in Plaintiff's Amended Complaint.

Further, Defendant is requested to bring to the deposition, pursuant to Rule 30(b)(5), Fed. R. Civ. P., any and all documents requested in Plaintiff's Request for Production to Defendant, that as of the date of deposition have not been produced or made available to counsel for Plaintiff.

B CJB1 774300 v1
2907276-000001 2/21/2008

J. FORREST HINTON
ASB-3744-N47J
CHRISTOPHER C. HAUG
ASB-9226-E64H

Attorneys for Plaintiff Salzgitter
Mannesmann International (USA) Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21[th] day of February, 2008, the foregoing was upon the following counsel by Federal Express overnight delivery:

James L. Day
Von G. Memory
469 S Mcdonough St
Montgomery, AL 36104
Montgomery, Alabama 36103-4054
Telephone (334) 834-8000
Facsimile (334) 834-8001

OF COUNSEL

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

SALZGITTER MANNESMANN )
INTERNATIONAL (USA) INC., )
                          )
                          )
Plaintiff,                )
                          )
v.                        )   Civil Action No.: 2:07cv764-MHT
                          )
SOUTHEASTERN STUD &       )
COMPONENTS, INC.,         )
                          )
                          )
Defendant.                )

## PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF SCOTT DOWDELL

TO:   James L. Day
      Von G. Memory
      Memory & Day
      Post Office Box 4054
      Montgomery, Alabama 36103-4054
      Telephone (334) 834-8000
      Facsimile (334) 834-8001

      Attorneys for Defendant Southeastern Stud & Components, Inc.

Pursuant to Rule 30, Fed. R. Civ. P., take notice that Plaintiff Salzgitter Mannesmann International (USA) Inc. ("Plaintiff") will take the deposition of **Scott Dowdell** ("Dowdell") at the offices of Memory & Day, 469 South McDonough Street, Montgomery, Alabama, 36103, on March 5, 2008 at 11:00 am

1

or immediately following the conclusion of the deposition of Defendant's corporate representative(s).

J. FORREST HINTON
CHRISTOPHER C. HAUG

Attorneys for Plaintiff Salzgitter
Mannesmann International (USA) Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007

2

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of February, 2008, the foregoing was upon the following counsel by Federal Express overnight delivery:

James L. Day
Von G. Memory
469 S Mcdonough St
Montgomery, AL 36104
Montgomery, Alabama 36103-4054
Telephone (334) 834-8000
Facsimile (334) 834-8001

OF COUNSEL

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No.: 2:07cv764-MHT <br> ) |
| SOUTHEASTERN STUD & COMPONENTS, INC., | ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

## PLAINTIFF'S NOTICE OF DEPOSITION OF KENNON WHALEY

TO:   James L. Day
Von G. Memory
Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Telephone (334) 834-8000
Facsimile (334) 834-8001

Attorneys for Defendant Southeastern Stud & Components, Inc.

Pursuant to Rule 30, Fed. R. Civ. P., take notice that Plaintiff Salzgitter Mannesmann International (USA) Inc. ("Plaintiff") will take the deposition of **Kennon Whaley** ("Whaley") at the offices of Memory & Day, 469 South McDonough Street, Montgomery, Alabama, 36103, on March 5, 2008 at 2:00 p.m. or immediately following the conclusion of the deposition of Scott Dowdell.

1

J. FORREST HINTON
CHRISTOPHER C. HAUG

Attorneys for Plaintiff Salzgitter
Mannesmann International (USA) Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007

2

B CJB1 774309 v1
2907276-000001 2/21/2008

# CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of February, 2008, the foregoing was upon the following counsel by Federal Express overnight delivery:

James L. Day
Von G. Memory
469 S Mcdonough St
Montgomery, AL 36104
Montgomery, Alabama 36103-4054
Telephone (334) 834-8000
Facsimile (334) 834-8001

OF COUNSEL

3

# EXHIBIT  C

# EXHIBIT  C

Westlaw.

Slip Copy
Slip Copy, 2008 WL 879313 (M.D.Fla.)
(Cite as: Slip Copy, 2008 WL 879313)

Page 1

Global Retail Enterprises, Inc. v. Personalized Products, LLC

M.D.Fla.,2008.

Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Fort Myers Division.
GLOBAL RETAIL ENTERPRISES, INC., a Florida corporation, and Virgil Klunder, individually, Plaintiffs,
v.
PERSONALIZED PRODUCTS, LLC, a Tennessee limited liability company, Just 4 U Products, LLC, a Tennessee limited liability company, PCL Enterprises, LLC, a Tennessee limited liability company, and Paul Larue, individually, Defendants.
No. 2:06-cv-463-FtM-34DNF.

March 28, 2008.

Bruce J. Berman, Michael Garrett Austin, Mcdermott, Will & Emery, LLP, Miami, FL, for Plaintiffs.
Roger K. Gannam, Lindell, Farson & Pincket, PA, Jacksonville, FL, for Defendants.

*ORDER*[FN1]

> FN1. This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.MARCIA MORALES HOWARD, District Judge.

**\*1 THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 48; Report), entered February 27, 2008, recommending that the Court grant, in part, Defendants' Motion to Compel Arbitration and Stay or Dismiss Proceedings (Dkt. No. 27; Motion), direct the parties to arbitrate this action, and stay the case pending the completion of arbitration. In the Report, the Magistrate Judge further recommends that the Court deny Defendants' request to dismiss this case with prejudice. *See* Report at 12. To date, no objections to the Report have

been filed, and the time for doing so has passed. *See* Rule 72(b)(2), Federal Rules of Civil Procedure.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."28 U.S.C. § 636(b)."When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."Rule 72(b) advisory committee's note (1983); *see also Macort v. Prem, Inc.,* No. 06-12316, 208 Fed. Appx. 781, 784-85 (11th Cir. Nov.30, 2006) (per curiam). Therefore, if no specific objections to findings of facts are filed, the district court is not required to conduct a *de novo* review of those findings, but will review the legal conclusions in the report *de novo* to determine whether there is any clear error. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n. 9 (11th Cir.1993); *Cooper-Houston v. Southern Ry. Co.,* 37 F.3d 603, 604 (11th Cir.1994); *United States v. Rice,* No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D.Fla. May 14, 2007); *see also* 28 U.S.C. § 636(b)(1).

Based upon an independent examination of the record and a *de novo* review of the legal conclusions, the Court finds that there is no clear error on the face of the record and it will accept the recommendation of the Magistrate Judge, compel the parties to participate in arbitration, and stay this case pending the completion of the arbitration.[FN2]

> FN2. The Court has reviewed and agrees with the conclusions of the Magistrate Judge with regard to all of the arguments raised in the Motion as well as Plaintiffs' Response Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration (Dkt. No. 32; Opposition). The Court takes this opportunity to make a few additional observations regarding Plaintiffs' argument that Defendants waived their right to compel arbitration. In particular, the Court finds that Plaintiffs' assertion that Defendants waived the right to arbitration by Defendant Personalized Products, LLC's ac-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                      Page 2
Slip Copy, 2008 WL 879313 (M.D.Fla.)
**(Cite as: Slip Copy, 2008 WL 879313)**

tions in the previous litigation to be completely without merit. In the previous action (Case No. 2:06-cv-327-FtM-99DNF), unlike in the instant case, Plaintiff Global Retail Enterprises, Inc. merely sought declaratory and injunctive relief. *See* Verified Complaint (Dkt. No. 2), filed in Case No. 2:06-cv-327-FtM-99DNF. However, the arbitration clause in the agreement at issue provides that "[t]his provision in no way limits either party's right to obtain injunctive relief."Complaint for Damages and Injunctive Relief [ (sic) ] (Dkt. No. 1; Complaint) Ex. A at 7. Plaintiff also voluntarily dismissed that action before Defendant responded to the Verified Complaint. Consequently, the fact that Defendant did not seek to compel arbitration in that action is not evidence of the instant Defendants acting inconsistently with their right to arbitrate. Furthermore, Plaintiffs suggest that, in order to act consistently with their right to arbitrate, Defendants should have filed the motion to compel at the same time that they filed their motion to dismiss based on lack of personal jurisdiction. *See* Opposition at 18-19. Despite this statement, Plaintiffs fail to acknowledge that Defendants did suggest that they may enforce their right to arbitration, once their challenge to the Court's personal jurisdiction had been resolved. *See* Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 11) at 5 n. 1. Defendants provided notice of this possibility less than one month after being served with the Complaint in this case, which seeks monetary damages and not injunctive and declaratory relief as in the previous lawsuit filed by Plaintiff. For all of this reasons as well as those identified by the Magistrate Judge, the Court concludes that Defendants did not act inconsistently with their right to arbitrate.

Accordingly, it is hereby **ORDERED:**

**MOTION:**

1. Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 48) is **ACCEPTED.**

2. Defendants' Motion to Compel Arbitration and Stay or Dismiss Proceedings (Dkt. No. 27) is **GRANTED, in part, and DENIED, in part .**

a. The motion is **GRANTED** to the extent this case is hereby referred to arbitration as provided for in the Distribution Agreement By and Between Global Retail Ventures, Inc. and Personalized Products, LLC, attached as Exhibit A to the Complaint for Damages and Injunctive Relief [ (sic) ] (Dkt. No. 1).

b. This case is **STAYED** pending the completion of the arbitration proceedings and notification from the parties that the case is due to be reopened or dismissed. The Clerk of the Court is **directed** to terminate any pending motions or deadlines and administratively close the file.

c. Defendants shall file a status report upon the conclusion of the arbitration. If the arbitration is not completed by **July 28, 2008,** then Defendants shall file a status report at that time and every 120 days thereafter until the arbitration is completed.

  **\*2** d. In all other respects, the motion is **DENIED.**

**DONE AND ORDERED.**

### REPORT AND RECOMMENDATION

DOUGLAS N. FRAZIER, United States Magistrate Judge.
**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

MOTION TO COMPEL ARBITRATION AND
STAY OR DISMISS PROCEEDINGS (Doc. No.

Slip Copy                                                                                                                    Page 3
Slip Copy, 2008 WL 879313 (M.D.Fla.)
**(Cite as: Slip Copy, 2008 WL 879313)**

27)

**FILED:**                                                                                                          **May 25, 2007**

**THEREON** it is **RECOMMENDED** that the motion
be **GRANTED in part and DENIED in part.**

The Defendants, Personalized Products, LLC, Just 4 U
Products, LLC, PCL Enterprises, LLC, and Paul LaRue
are requesting that the Court refer all of the claims in
this matter to arbitration and either stay or dismiss this
action. The Plaintiffs, Global Retain Enterprises, Inc.
and Virgil Klunder argue that the overall agreement
between the parties did not mandate arbitration, and
even if it did, the Defendants waived their right to arbit-
rate. This matter was referred to this Court by Order
(Doc. 46) entered on February 5, 2008, by the Honor-
able Marcia Morales Howard, United States District
Judge.

**I. Allegations in the Complaint**

The Plaintiffs allege in the Complaint that Global Retail
Enterprises, Inc.[FN1] ("Global") is in the business of
providing business expertise, resources, customer rela-
tionships, and personnel to entities so that they are able
to design, construct and promote turn-key national retail
merchandising programs to sell products on a national
level. (Com.[FN2] ¶ 16). The Defendants wanted to start
a new business creating a product line consisting of per-
sonalized children's music on compact discs. (Com.¶
24). The Defendant, Paul LaRue approached the
Plaintiff, Virgil Klunder regarding developing a sales,
marketing, and distribution program for this new
product. (Com.¶ 27). A Distribution Agreement
("Agreement") was entered into on November 11, 2003.
(Com.¶ 30). The Plaintiffs allege that the Defendants
breached the terms of the Agreement by failing to make
payments and sabotaging and disrupting the Plaintiffs'
marketing, promotion and distribution efforts. (Com.¶
84, 87). The Plaintiffs have brought actions for Breach
of Contract, Breach of Partnership Agreement, Breach
of Implied Covenant of Good Faith and Fair Dealing,
Breach of Fiduciary Duties, Misappropriation of Trade
Secrets, Tortious Interference, Unjust Enrichment,
Quantum Meruit, and Common Law Defamation.

FN1. In the Complaint, Global Retail Enter-
prises, Inc. alleges that it is the successor in in-
terest to Global Retail Ventures, Inc. and has
expressly assigned all of its contracts to Global
Retail Enterprises, Inc. (Com.¶ 2). The Distri-
bution Agreement at issue was entered into
between Global Retail Ventures, Inc. and Per-
sonalized Products, LLC. (See, Exh. A to
Com.).

FN2."Com." refers to the Complaint for Dam-
ages and Injunctive Relief and Demand for
Jury Trial (Doc. 1) filed September 8, 2006.

**II. Arbitration Clause**

On September 11, 2003, Global Retail Ventures, Inc.
and Personalized Products, LLC entered into a Distribu-
tion Agreement. (¶ 13, p. 7 of Exh. A to Com.). The
Agreement contains the following Paragraph:

13 *Arbitration:* Any controversy or claim arising out
of or relating to this Agreement, or breach thereof, or
regarding the failure or refusal to perform the whole
or any part of this agreement, shall be settled by The
American Arbitration Association, in accordance with
their rules and regulations. Any decision made by an
arbitrator or Arbitrators under this provision shall be
enforceable as a final and binding decision as if it
were a final decision or decree of a court of compet-
ent jurisdiction. This provision in no way limits either
party's right to obtain injunctive relief.

**III. Analysis**

**\*3** The Defendants filed the instant motions pursuant to
the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*Section
2 of the Act provides, in part as follows:

A written provision in any maritime transaction or a
contract evidencing a transaction involving commerce

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                    Page 4
Slip Copy, 2008 WL 879313 (M.D.Fla.)
(Cite as: Slip Copy, 2008 WL 879313)

to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 2 is a declaration by Congress of the liberal federal policy favoring arbitration agreements. *Senti v. Sanger Works Factory, Inc.,* 2007 WL 1174076, *4 (M.D.Fla.2007). Section 3 of the Act requires that upon a motion by a party, the court must stay an action if an action is brought which is referable to arbitration under a written agreement. 9 U.S.C. § 3.

Congress mandated a federal policy which favors arbitration agreements. *Senti,* 2007 WL 1174076 at *4 (citing *E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 289, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002)). Therefore, arbitration clauses are generally construed in favor of arbitration. *Id.* (citing, *Mose H. Cone Mem. Hospital v. Mercury Const. Corp,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) and *Ruby-Collins, Inc. v. City of Huntsville, Ala.,* 748 F.2d 573, 576 (11th Cir.1984)). The issue of whether the parties agreed to arbitrate is decided by the court and not the arbitrator, unless the agreement clearly provides otherwise. *Senti v. Sanger Works Factory, Inc.,* 2007 WL 1174076 at 4. "Generally, when deciding whether the parties agreed under the FAA to arbitrate a certain matter, courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Id.* at 5 (quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)). Therefore, the Court must look to Florida law to determine whether the parties entered into an enforceable arbitration agreement. *Id.* (citing *A.I. Trade Finance, Inc. v. Petra International Banking Corp.,* 62 F.3d 1454, 1563 (D.C.Cir.1995)). Under both Federal and Florida law, a court must consider three factors in ruling on a motion to compel arbitration: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived.

*See, Seifert v. U.S. Home Corp.,* 750 So.2d 633 (Fla.1999) and *Florida Farm Bureau Insurance Companies v. Pulte Home Corporation,* 2005 WL 1345779, *3 (M.D.Fla.2005) (citations omitted). As with Federal law, in Florida, all issues regarding the right to arbitrate under a contract should be resolved in favor of arbitration. *Zager Plumbing, Inc. v. JPI Nat. Const., Inc.* 785 So.2d 660, 662 (Fla. 3d DCA 2001).

In the instant case, the issues raised were whether a mandatory agreement to arbitrate exists and whether the right to arbitrate was waived. The Plaintiffs did not raise any issues as to whether an arbitrable issue exists, and therefore, upon review of the claims raised in the Complaint, the Court finds that arbitrable issues exist.

**A. Mandatory versus Permissive Arbitration**

*4 The Plaintiffs argue that in the Agreement, the right to arbitrate any conflicts is permissive rather than mandatory and cite to the express language of the Agreement. In the section entitled, "Venue", there is the following language:

> This Agreement and the rights and obligations of the parties under this Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of Florida. All parties expressly consent to be subject to the personal and corporate jurisdiction of the Courts of Lee County, Florida. The law of Florida shall govern the validity, interpretation, construction and performance of this Agreement and any litigation or arbitration proceedings relating to this Agreement shall only be determined judicially or by arbitrations within the jurisdiction of Florida.

(¶ 10, p. 6 of Exh. A to Com.). The Plaintiffs also direct the Court to the language on page 7 of the Agreement above the signatures which provides as follows: "In the event of any litigation or arbitration arising by virtue of this Agreement, the prevailing party shall be entitled to an award of all court costs, arbitration or litigation expenses and attorney's fees at both trial and appellate levels and at all arbitration proceedings." (p. 7 of Exh. A to Com.). The Plaintiffs argue that these provisions al-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

low the parties to chose either litigation or arbitration.

The question of whether a dispute is subject to arbitration is a matter of contract interpretation. *Florida Environment Services, Inc. v. Rentoumis,* 950 So.2d 466, 470 (Fla. 4th DCA 2007). Even though the law favors arbitration, " 'an arbitration clause remains subject to the contract law requirement 'that the court discern the intent of the parties from the language used in their agreement.'"*Id.* (quoting *Ocwen Federal BankFSB v. LVWD, Ltd.,* 766 So.2d 248, 249 (Fla. 4th DCA 2000)). The language of the agreement defines the scope of the agreement to arbitrate. *Id.* (citation omitted). No party may be forced to submit claims to arbitration when the party did not intend to agree to arbitrate. *Seifert v. U .S. Home Corporation,* 750 So.2d 633, 636 (Fla.1999).

The arbitration clause in the Agreement provides that any controversy or claim "arising out of or relating to this Agreement or breach thereof, or regarding the failure or refusal to perform the whole or any part of this Agreement, **shall** be settled by The American Arbitration Association, in accordance with their rules and regulations."(emphasis added) (¶ 13, p. 7 of Exh. A to Com.). The arbitration clause also provides that any decision made by the arbitrator **"shall** be enforceable as a final and binding decision as if it were a final decision or decree of a court of competent jurisdiction."(emphasis added) (¶ 13, p. 7 of Exh. A to Com.). From the language of the arbitration clause, the intent of the parties is clear that any dispute arising out of or relating to the Agreement must be resolved by arbitration. The venue clause provides that the parties agree to the jurisdiction of the Courts of Lee County, Florida and any litigation or arbitration proceedings relating to the Agreement "shall only be determined judicially or by arbitrations within the jurisdiction of Florida."(¶ 10, p. 6 of Exh. A to Com.). The other clause provides that if any litigation or arbitration arises from the Agreement, the prevailing party is entitled to an award of costs, arbitration or litigation expenses. (p. 7 of Exh. A to Com.).

**\*5** The issue is whether the parties intended that these two clauses override the mandatory language in the Arbitration clause, thereby making arbitration permissive.

Looking at the whole Agreement, the Court determines that the clear meaning of the venue and other clause which include language regarding litigation are contingency clauses that if an action arising out of or relating to this Agreement does go to litigation, then the parties have made certain agreements as to litigation. One such instance would be if the parties waived their rights to arbitrate the claim, and resorted to litigation, then the parties intent regarding litigation would be covered by the Agreement. The language of the Arbitration clause is clear that any controversy or claim arising out of or relating to this Agreement or a breach of the Agreement "shall be settled by The American Arbitration Association."(¶ 13, p. 7 to Exh. A to Com.). The Court finds that it is the parties clear intent to bring any dispute arising out of or relating to the Agreement before The American Arbitration Association.

### B. Waiver

The Plaintiffs assert that the Defendants have waived their right to compel arbitration by their delay in filing the Motion to Compel Arbitration and by their numerous actions which were inconsistent with the right to arbitrate. Further, the Plaintiffs assert that they will be prejudiced if compelled to arbitrate this matter. When a party asserts that a waiver occurred, the party must show, " '1) knowledge of an existing right to compel arbitration; 2) acts inconsistent with that existing right; and 3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'"*Snelling and Snelling, Inc. v. Reynolds,* 140 F.Supp.2d 1314, 1321-22 (M.D.Fla.2001) (quoting *NCR Credit Corp. v. Reptron Electronics, Inc.,* 863 F.Supp. 1561, 1565 (M.D.Fla.1994)). If a party can prove these three elements, then the opposing party has waived its right to arbitrate the dispute. *Id.* at 1322.However, a court must bear in mind that federal policy favors the enforcement of arbitration agreements and a court must resolve all disputes in favor of arbitration, including those disputes regarding waiver. *Id.*"Nonetheless, this Circuit has held that despite the federal policy favoring the enforcement of arbitration agreements, a party may waive its right through it conduct.*Id.* (citing *S & H Contractors, Inc. v. A.J. Taft Coal Company, Inc.,* 906 F.2d 1507, 1514

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                          Page 6
Slip Copy, 2008 WL 879313 (M.D.Fla.)
(Cite as: Slip Copy, 2008 WL 879313)

(11th Cir.1990)). A court must consider the totality of the circumstances to determine if a party has acted inconsistently with the right to arbitrate. *S & H Contractors, Inc. v. A.J. Taft Coal, Company, Inc.,* 906 F.2d 1507, 1514 (11th Cir.1990) (citation omitted).

The first element that the Plaintiffs must prove is that the Defendants had knowledge of an existing right to compel arbitration. "A party who signs a contract is presumed to know and understand the contents of the terms and conditions of the contract. *Snelling and Snelling, Inc.,* 140 F.Supp.2d 1322 (citing *Sabin v. Lowe's of Florida, Inc.,* 404 So.2d 772, 773 (Fla. 5th DCA 1981)). Paul LaRue signed the Agreement on behalf of Personalized Products, LLC on November 24, 2003. The Arbitration clause was included in the Agreement, and absent any evidence to the contrary, the Defendants are presumed to know and understand the contents of the Agreement, including the agreement to arbitrate disputes. Therefore, the Plaintiff has satisfied the first element.

*6 The second element the Plaintiffs must prove is that the Defendants acted inconsistently with the right to arbitrate. The Plaintiffs assert that the delay in filing the Motion to Compel Arbitration and the Defendants' participation in the ligation are inconsistent with their right to arbitrate. Regarding the delay, the Plaintiffs argue that the Defendants should have filed a motion to compel arbitration in a prior case, and then waited over eleven (11) months to file their Motion to Compel Arbitration in this case. Global Retail Enterprises filed a prior action on June 23, 2006 in Circuit Court of Lee County, Florida, which was removed to Federal Court. (See, Case No. 2:06-cv-327-FtM-99DNF). In that action Personalized Products, LLC failed to file a motion to compel arbitration.[FN3] That action was pending less than 2 months. The Plaintiffs then filed the instant action on September 8, 2006. The Plaintiffs assert that the Defendant waited over eleven (11) months in the instant action to file their Motion to Compel Arbitration. The Defendants respond that they filed their Motion to Compel Arbitration less than two (2) months after the Motion to Dismiss for Lack of Jurisdiction was withdrawn. The Defendants argue that the issue of jurisdiction had to be determined prior to raising the issue of arbitration because without jurisdiction, the Court would not have the power to order arbitration.

> FN3. The specifics of the filings by the Defendants in the prior case and in the instant case are set forth below relating to the arguments that the Defendants acted inconsistently with their right to arbitrate.

The Plaintiffs also assert that the Defendants have litigated this case and the previous case to the extent that they have waived their right to arbitrate. The Plaintiffs allege that on June 23, 2006, Global Retail Enterprises, Inc. filed an action against Personalized Products LLC, in the Circuit Court of Lee County, Florida asserting various claims relating to breaches of the parties' Agreement and other wrongful conduct by Personalized Products LLC. Personalized Products LLC filed a Notice of Removal seeking to remove the action to the Middle District of Florida. (See, Case No. 2:06-cv-327-FtM-99DNF). In response to an Order to Show Cause (Doc. 8 in 2:06-cv-327-FtM-99DNF), Personalized Products LLC filed a Memorandum in Support of Jurisdiction (Doc. 9 in 2:06-cv-327-FtM-99DNF). Personalized Products LLC also filed a Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 10 in Case No. 2:06-cv-327-FtM-99DNF). The Court entered an Opinion and Order (Doc. 13 in Case No. 2:06-cv-327-FtM-99DNF) which denied the Motion for Temporary Restraining Order which was construed as a Request for Preliminary Injunction. On August 18, 2006, Global Retail Enterprises, Inc. filed a Notice of Voluntary Dismissal (Doc. 16 in Case No. 2:06-cv-327-FtM-99DNF) and the case was closed. In that prior case, Personalized Products LLC did not move to compel arbitration.

On September 8, 2006, the Plaintiffs filed this current action in this Court. The Defendants filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 11). After a period of discovery on jurisdictional issues only, the Defendants withdrew their Motion to Dismiss for Lack of Jurisdiction (Doc. 23). No depositions were taken, however, the Defendants did produce documents re-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                    Page 7
Slip Copy, 2008 WL 879313 (M.D.Fla.)
(Cite as: Slip Copy, 2008 WL 879313)

sponsive to the Plaintiffs' requested discovery.

**\*7** The Court is cognizant that there is a strong policy in favor of arbitration. *S & H Contractors, Inc. v. A.J. Taft Coal Company, Inc.,* 906 F.2d 1507, 1514 (11th Cir.1990)*cert. denied*498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991). Other courts have considered whether the defendant filed an answer, engaged in taking depositions, requested document production, served written discovery and responded to written discovery before seeking to compel arbitration when deciding if a defendant had waived its right to arbitration. *Snelling and Snelling, Inc.,* 140 F.Supp.2d 1314, 1322 (M.D.Fla.2001). Another court determined that a defendant waived its right to arbitration by an eight month delay in filing the motion to compel arbitration coupled with filing two motions to dismiss, an opposition to a motion for discovery, and taking five depositions. *S & H Contractors, Inc.,* 906 F.2d at 1514. A third court found that a defendant had waived its right to arbitrate when it conducted discovery in preparation for trial, deposed the plaintiff, responded to discovery, and delayed a year and eight months in seeking arbitration. *Stone v. E.F. Hutton & Company, Inc.,* 898 F.2d 1542,1543 (11th Cir.1990).

In the prior case, the Court entered an Order to Show Cause which required Personalized Products, LLC to respond to the issue of jurisdiction. Basically, Personalized Products, LLC was compelled by the Court to file its memorandum. Personalized Products also filed a response to a Motion for Temporary Restraining Order construed as a Motion for Preliminary Injunction. Eight days after a ruling on the Motion for Temporary Restraining Order, Global Retail Enterprises, Inc. voluntarily dismissed the case.

In the instant case, the Defendants filed a Motion to Dismiss for Lack of Jurisdiction and responded to requests for production of documents relating to jurisdiction. There are no allegations that the Defendants propounded discovery or that any depositions were taken. They did eventually withdraw their Motion to Dismiss.

In the instant case, the decision whether the Defendants waived their right to arbitrate is not cut and dried. The

Defendants responded to a court order and to a motion in the prior case, and filed a motion to dismiss and responded to discovery in the instant case. They did voluntarily withdraw their Motion to Dismiss. The Defendants did delay eleven (11) months, but waited less than two (2) months after they withdrew their Motion to Dismiss to file the Motion to Compel Arbitration. Further, on the date they filed their Motion to Compel Arbitration, May 25, 2007, none of the deadlines in the Case Management and Scheduling Order had passed. They have not conducted discovery of their own, have not filed an Answer, and have filed no other dispositive motions. The Court must rely on federal policy which favors the enforcement of arbitration agreements and the Court must resolve all disputes in favor of arbitration, including this dispute regarding waiver. Therefore, based upon the strong federal policy favoring arbitration, the Court determines that the Defendants have not acted inconsistently with their right to arbitrate.

**\*8** The Court must also consider the third element, whether the Plaintiffs were prejudiced by the Defendants' inconsistent acts. The Plaintiffs assert that the Defendants' delay in filing the Motion to Compel caused them to incur substantial attorney's fees and costs related to the prior litigation and this litigation. The Plaintiffs claim that they have expended $100,000 in attorney's fees and costs along with a great many hours of work done by the corporate representatives. Further the Plaintiffs argue that due to the delay in the cases, the Defendants have not made any payments on the money that is owed under the Agreement. The amount of money expended by the Plaintiffs is great. However, in the prior case, the case was pending for a very short time period prior to the Global Retail Enterprises, Inc. voluntarily dismissing the matter. In the instant case, the Plaintiffs have not conducted any merits discovery, have not taken any depositions, and have not filed any dispositive motions. The Court finds that the Defendants acts did not cause prejudice to the Plaintiffs. The Court concludes that the Motion to Compel Arbitration and Stay or Dismiss Proceedings should be granted to the extent that arbitration be compelled and this action be stayed.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 879313 (M.D.Fla.)
**(Cite as: Slip Copy, 2008 WL 879313)**

## IV. Conclusion

The Court respectfully recommends that the Motion to Compel Arbitration and Stay or Dismiss Proceedings (Doc. 27) be granted in part and denied in part as follows:

1) The parties be directed to arbitrate this action and notify the Court when arbitration is completed;

2) This action be stayed pending arbitration and the Court retain jurisdiction to enforce the arbitration award, if any.

3) The motion to dismiss be denied; and

4) The Clerk be directed to administratively close this file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this *27th* day of February, 2008.

M.D.Fla.,2008.
Global Retail Enterprises, Inc. v. Personalized Products, LLC
Slip Copy, 2008 WL 879313 (M.D.Fla.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.