IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 2:07cv764-MHT |
| SOUTHEASTERN STUD & COMPONENTS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

Plaintiff Salzgitter Mannesmann International (USA), Inc. ("Salzgitter") hereby submits its proposed findings of fact and conclusions of law:

## I.     FINDINGS OF FACT

1.     Salzgitter is a steel distributor with its headquarters and principal place of business in Houston, Texas.

2.     Defendant Southeastern Stud & Components, Inc. ("Southeastern Stud") is a manufacturer and distributor of light gauge steel framing, and is headquartered and has its principal place of business in Montgomery, Alabama.

- 1 -

3.    Beginning in 2003, Southeastern Stud and Salzgitter entered into a series of steel-supply contracts for galvanized steel coils to be delivered to New Orleans, Louisiana.

Purchase Order No. sd-012306

4.    On or about January 24, 2006, Southeastern Stud sent Salzgitter Purchase Order No. sd-012306 ("PO No. sd-012306").

5.    On or about February 6, 2006 Salzgitter sent Southeastern Stud a written Order Confirmation for PO No. sd-012306.

6.    Pursuant to PO No. sd-012306, Salzgitter arranged for the overseas purchase of the steel and its delivery to New Orleans, and in early-October, 2006, the steel reflected by PO No. sd-012306 arrived in New Orleans.

7.    Upon arrival in New Orleans, Salzgitter delivered or made the steel available to Southeastern Stud.  Salzgitter issued an invoice to Southeastern Stud upon each delivery of steel.

8.    On or about December 15, 2006, as evidenced by Invoice No. 24446, Salzgitter delivered steel to Southeastern Stud pursuant to PO No. sd-012306.  The total amount of Invoice No. 24446 was $80,848.35.

9.    To date, Southeastern Stud has paid only $46,387.91 toward Invoice No. 24446, leaving a balance due of $34,460.44.

- 2 -

10.    On or about April 30, 2007, as evidenced by Invoice No. 25501, Salzgitter delivered additional steel to Southeastern Stud pursuant to PO No. sd-012306. The total amount of Invoice No. 25501 was $10,148.97.

11.    Southeastern Stud has not paid any amount toward Invoice No. 25501, leaving a balance due of $10,148.97.

12.    Southeastern Stud owes Salzgitter a total of $44,609.41 under PO No. sd-012306.

Purchase Order No. 1414

13.    On or about May 11, 2006, Southeastern Stud sent Salzgitter Purchase Order No. 1414 ("PO No. 1414").

14.    On or about May 23, 2006, Salzgitter sent Southeastern Stud a written Order Confirmation for PO No. 1414.

15.    Pursuant to PO No. 1414, Salzgitter arranged for the overseas purchase of the steel and its delivery to New Orleans, and on or around September 9, 2006, the steel reflected by PO No. 1414 arrived in New Orleans.

16.    On or about December 29, 2006, as evidenced by Invoice No. 24605, Salzgitter delivered steel to Southeastern Stud pursuant to PO No. 1414.  The total amount of Invoice No. 24605 was $91,098.82.

17.    Southeastern Stud has paid only $20,000.00 toward Invoice No. 24605, leaving a balance due of $71,098.82.

- 3 -

18.    On or about January 5, 2007, as evidenced by Invoice No. 24646, Salzgitter delivered steel to Southeastern Stud pursuant to PO No. 1414.  The total amount of Invoice No. 24646 was $328,271.23.

19.    Southeastern Stud has not paid any amount toward Invoice No. 24646, leaving a balance due of $328,271.23.

20.    On or about February 8, 2007, as evidenced by Invoice No. 24840, Salzgitter delivered steel to Southeastern Stud pursuant to Purchase Order No. 1414.  The total amount of Invoice No. 24840 was $15,146.73.

21.    Southeastern Stud has not paid any amount toward Invoice No. 24840, leaving a balance due of $15,146.73.

22.    Southeastern Stud owes Salzgitter a total of $414,516.78 under PO No. 1414.

Purchase Order No. 1496

23.    On or about July 13, 2006, Southeastern Stud sent Salzgitter Purchase Order No. 1496 ("PO No. 1496").

24.    On or about August 15, 2006, Salzgitter sent Southeastern Stud a written Order Confirmation for PO No. 1496.

25.    Pursuant to PO No. 1496, Salzgitter arranged for the overseas purchase of the steel ordered by Southeastern Stud and its delivery to New Orleans, and in November 2006, the steel arrived in New Orleans.

- 4 -

26.    On or about January 5, 2007, as evidenced by Invoice No. 24648, Salzgitter delivered steel to Southeastern Stud pursuant to PO No. 1496.  The total amount of Invoice No. 24648 was $147,864.17.

27.    Southeastern Stud has not paid any amount toward Invoice No. 24648, leaving a balance due of $147,864.17.

28.    On or about January 12, 2007, as evidenced by Invoice No. 24677, Salzgitter delivered additional steel to Southeastern Stud pursuant to PO No. 1496. The total amount of Invoice No. 24677 was $77,613.83.

29.    Southeastern Stud has not paid any amount toward Invoice No. 24677, leaving a balance due of $77,613.83.

30.    On or about May 8, 2007, as evidenced by Invoice No. 25549, Salzgitter delivered additional steel to Southeastern Stud pursuant to PO No. 1496. The total amount of Invoice No. 25549 was $16,238.88.

31.    Southeastern Stud has not paid any amounts toward Invoice No. 25549, leaving a balance due of $16,238.88.

32.    Southeastern Stud owes Salzgitter a total of $241,716.88 under PO No. 1496.

33.    On January 29, 2007, Salzgitter sent Southeastern Stud Invoice No. DN2476, for $4,590.32, representing interest charges accrued against the unpaid invoice amounts to that date.

34.     The Invoices, by their Terms and Conditions, provide that Salzgitter is entitled to interest on the outstanding balance at the rate of prime plus two percent

35.     The total unpaid balance on all of the above-described invoices, less an applied credit to Southeastern Stud for variances in contract amounts in the amount of $6,098.81, is $699,334.78.

36.     The Invoice Terms and Conditions provide that Salzgitter is entitled to attorneys' fees and costs associated with enforcing its rights against Southeastern Stud.

37.     The Invoice Terms and Conditions further provide that the law of the State of Texas shall govern the relationship of the parties.

## II.     CONCLUSIONS OF LAW

1.     The parties choice of law provision is valid and enforceable.  *See Polaris Sales, Inc. v. Harris Imports, Inc.*, 879 So. 2d 1129, 1133 (Ala. 2003) ("Alabama law has long recognized the right of the parties to an agreement to choose a particular state's laws to govern an agreement.").

2.      "The elements of a contract are: (1) an offer; (2) acceptance in strict compliance with terms of the offer; (3) a meeting of the minds; (4) a communication that each party has consented to the terms of the agreement; (5) execution and delivery of the contract with an intent that it become mutual and

binding on both parties; and (6) consideration." *Lewis v. Marina Bay Trucks, Inc.*, 2007 Tex. App. LEXIS 2334, *19 (Tex. App. 14th Dist. 2007).

3.    The purchase orders entered into by Southeastern Stud and Salzgitter for the purchase and sale of galvanized steel coils are valid and binding contracts. *See id.*

3.    The Purchase Orders, Order Confirmations, and Invoices (collectively, the "Contract Documents") contained all fundamental terms of the parties' agreement, including price, quantity, characteristics of goods, and basic payment terms. *See id.*

4.    Southeastern Stud received or took delivery of steel it agreed to purchase from Salzgitter through the Purchase Orders.  TEX. BUS. & COM. CODE ANN. § 2.103(a)(3) (Vernon Supp. 2007) ("'Receipt'" of goods means taking physical possession of them.").

5.    Both by its express agreement, in the form of the Purchase Orders, and by its conduct, in taking delivery of the steel, Southeastern Stud agreed to purchase steel from Salzgitter on the terms expressed in the Contract Documents.

6.    Salzgitter fully performed its obligations under the steel supply contracts between the parties and the terms of the Contract Documents.

7.    The contracts between the parties required Southeastern Stud to make payment for the steel it ordered and for which it took delivery.

- 7 -

8.     Southeastern Stud breached the contracts between the parties by failing to pay the amounts invoiced by Salzgitter, amounting to $694,744.26.  *See Southwell v. University of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex. Ct. App. 4th Dist. 2007).

9.      Salzgitter has been damaged by Southeastern Stud's conduct, in that it has supplied steel to Southeastern Stud without receiving payment.  *See Synagro of Texas-CDR, Inc. v. Aon Risk Servs. of Tex., Inc.*, 2007 Tex. App. LEXIS 61, *6 (Tex. Ct. App. 13th Dist. 2007).

10.     Salzgitter is entitled to the contract price for the goods received by Southeastern Stud for which it has not been paid: $694,744.26.  *See id.*

11.     As provided by the Contract documents, Salzgitter is entitled to interest on the unpaid balance at the rate of prime plus two percent.  *See Tenn. Gas Pipeline Co. v. Technip USA Corp.*, 2007 Tex. App. LEXIS 9951, *53-54 (Tex. Ct. App. 1st Dist. 2007).

12.     Under the terms of the parties' agreement, Salzgitter is entitled to an award of reasonable attorneys' fees and costs associated with enforcing its rights against Southeastern Stud.  *See Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008).

Respectfully submitted this 8th day of August, 2008.

s/ J. Forrest Hinton

- 8 -

J. FORREST HINTON
STACEY A. DAVIS
J. ELLIOTT WALTHALL

Attorneys for Plaintiff Salzgitter
Mannesmann International (USA) Inc.

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, PC
Wachovia Tower
420 20th Street North, Suite 1600
Birmingham, Alabama  35203
Telephone (205) 328-0480
Facsimile  (205) 322-8007

## CERTIFICATE OF SERVICE

    I hereby certify that on this August 8, 2008, the foregoing was served by

electronic mail via the Court's CM/ECF system on the following:

    James L. Day
    Von G. Memory
    469 South McDonough Street
    Montgomery, Alabama  36103-4054
    Telephone (334) 834-8000
    Facsimile  (334) 834-8001

                      s/ J. Forrest Hinton
                      Of Counsel

- 9 -